.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUX GLOBAL AUTO SALES, a California corporation, and MARIA VELARDE, on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br>    v.<br><br>NISSAN NORTH AMERICA, INC., and DOES 1 to 10,<br><br>  Defendants. | No.  2:21-cv-02157-JAM-AC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Lux Global Auto Sales and Maria Velarde filed this lawsuit against Nissan North America, Inc., and various fictitious persons (collectively "Defendants") for allegedly violating § 17200 of California's Business and Professions Code—also known as California's Unfair Competition Law.  See First Am. Comp. ("FAC") ¶ 69, ECF No. 8.  Thereafter, Lux Global Auto Sales voluntarily dismissed its claim against Defendants without prejudice.  See Stipulation of Dismissal, ECF No. 11.  Velarde ("Plaintiff") maintained her claims and Defendants filed a motion to dismiss and request for judicial notice.  See Mot. to Dismiss

1

("Mot."), ECF No. 15; see also Req. for Judicial Notice, ECF No. 15-1. Plaintiff filed her opposition and Defendants replied. See Opp'n, ECF No. 22; see also Reply, ECF No. 24.

For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.[1]

## I. BACKGROUND

Plaintiff filed this suit because of Defendants' alleged failures to comply with the California Emissions Warranty ("Warranty"). FAC ¶ 1. Under this Warranty, car manufacturers—like Defendants—must provide additional coverage for specific components of Super Ultra Low Emissions Vehicles ("SULEV") if the California Air Resources Board ("CARB") issued them non-methane organic gases or vehicle equivalent credits. Id. Such parts are generally covered for eight years or 100,000 miles; high-mileage parts are covered for 112,500 miles (collectively referred to as "Extended Coverage"). Id. Plaintiff contends Defendants concocted a scheme to deprive Nissan SULEV owners of these protections by "unilaterally defining and wrongfully limiting the parts that should properly be identified as parts covered by the [] Warranty and covered for the Extended Coverage period." Id. ¶ 7. Plaintiff argues Defendants' supposed mischaracterizations enables them to curb the costs of its warranty-related repairs because "most if not all dealerships or customers will not investigate or understand what components should actually and correctly be covered under the [] Warranty . . . ." Id. ¶ 8.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 13, 2022.

Plaintiff asserts Defendants' supposed scheme is demonstrated by their refusal to provide Extended Coverage to SULEV transmissions, pointing to her own experience as evidence. Id. ¶ 30. Plaintiff owns a 2019 Nissan Sentra—a SULEV vehicle. In 2019, prior to being driven for 100,000 miles or in use for eight years, Plaintiff's vehicle exhibited "classic symptoms" of "transmission slipping" as it would shake and hesitate upon acceleration. FAC ¶ 30. Because of these issues, Plaintiff contacted Defendants and was informed her transmission was not under warranty. Id. Since Defendants denied Plaintiff assistance, Plaintiff took her vehicle to a local repair shop and "paid thousands of dollars out of pocket to have the transmission repairs performed." Id. ¶ 34. Plaintiff argues the Warranty's Extended Coverage should have encompassed these repairs because the transmission's malfunctioning increased the vehicle's emission output—which Plaintiff argues triggers such coverage pursuant to California Code of Regulations' Title 13 §§ 1961(a)(8), 2035, 2037, and 2038. Id. ¶¶ 5, 39.

Based on these allegations, Plaintiff initiated this diversity action pursuant to 28 U.S.C. § 1332(d)(2)(A) and filed her First Amended Complaint consisting of one claim under § 17200 of California's Business and Professions Code—also known as California's Unfair Competition Law. Id. ¶ 66.

II. OPINION

A. Legal Standard

Under FRCP 12(b)(6), a court can grant a motion to dismiss when the complaint fails "to state a claim upon which relief can be granted." Generally, affirmative defenses—like res judicata—

1  cannot be raised in such a motion. Scott v. Kuhlmann, 746 F.2d
2  1377, 1378 (9th Cir. 1994). When, however, the defense does not
3  raise disputed issues of fact—such as here—res judicata is
4  properly asserted in a motion to dismiss. Id.; see also Intri-
5  Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048 (9th
6  Cir. 2007) (examining a 12(b)(6) motion's res judicata defense
7  and affirming a district court's dismissal on such grounds).
8  Furthermore, when deciding a motion to dismiss, a district court
9  can consider matters of judicial notice without turning it into
10 a motion for summary judgment. United States v. Ritchie, 342
11 F.3d 903, 908 (9th Cir. 2003)

    B.   Judicial Notice

13     Defendants ask the Court take judicial notice of the Order
14 and Judgment Granting Final Approval of Class Action Settlement
15 and Settlement Agreement entered in Weckwerth v. Nissan North
16 America, Inc., Case No. 3:18-cv-00588 (M.D. Tenn. Mar. 10, 2020).
17 See Req. for Judicial Notice, ECF No. 15-1; see also Order and J.
18 Granting Final Approval of Class Action Settlement ("Judgment"),
19 Exh. 1 to Mot., ECF No. 15-2, Settlement Agreement ¶ 34, Exh. 2
20 to Mot., ECF No. 15-3. The Court can "take judicial notice of
21 court filings and other matters of public record," Reyn's Pasta
22 Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir.
23 2006), and accordingly grants Defendants' request. The Court's
24 judicial notice, however, extends only to the existence of these
25 documents and not to their substance to the extent it is disputed
26 or irrelevant. Lee v. City of Los Angeles, 250 F.3d 668, 690
27 (9th Cir. 2001).
28 ///

4

C. <u>Res Judicata</u>

The parties dispute whether the doctrine of res judicata (or claim preclusion) bars Plaintiff's claim. Defendants argue the class action settlement and judgment entered in <u>Weckwerth</u> ("<u>Weckwerth</u> Judgment") precludes Plaintiff's claim under the doctrine of res judicata. See Mot. at 4. The <u>Weckwerth</u> Judgment incorporated the parties' settlement agreement and released with prejudice all past, present, and future transmission-related claims for certain vehicles manufactured by Defendants—including Plaintiff's 2013 Sentra—pursuant to the provision below:

> "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, accrued or unaccrued, existing or claiming to exist, including those unknown, both at law and equity which have been brought, which might have been brought, and which might be brought in the future upon the happening of certain events, against the Released Parties, or any of them, ***based upon or in any way related to transmission*** design, manufacturing, performance, or ***repair of Class Vehicles***, including but not limited to all claims asserted in the Lawsuits, ***whether based upon*** breach of contract, violation of a duty sounding in tort, ***violation of any state*** or federal statute or ***regulation, violation of any state consumer protection statute or regulation*** (including any lemon law statute or regulation), fraud, unjust enrichment, money had and received, restitution, equitable relief, punitive or exemplary damages and civil penalties and fines or ***any other claims whatsoever under*** federal or ***state law***. See Settlement Agreement ¶ 34 (emphasis added); see also Judgment at n. 1.

Notably, Plaintiff did not opt out of the settlement agreement. See Timely Opt Out List, Exh. A to Mot., ECF No. 15-2. As a result, Defendants contend Plaintiff's claim is barred and asks

the Court to dismiss it with prejudice.

In opposition, while she does not deny that she did not opt of out of the Weckwerth Judgment and concedes it "bars a subsequent case," Plaintiff argues the Weckwerth Judgment invalidates the public policy underlying the Warranty's Extended Coverage and is therefore unenforceable. See Opp'n at 1-2. To support her contention, Plaintiff: (1) states the Weckwerth Judgment "shortens the warranty for SULEV transmissions by [one] year or 16,000 miles" so that class members do not receive the Extended Coverage's full benefit of eight years or 100,000 miles; and (2) cites cases where the California Supreme Court, a California Appellate court, or a federal court outside this Court's jurisdiction analyzed contracts or settlements that allegedly ran afoul of public policy to render them void. Id. at 2-3. As a result, Plaintiff does not dispute Defendants' contention that her complaint relies on a claim released by the Weckwerth Judgment. Instead, she only argues res judicata does not bar it because the Weckworth Judgment's "contravenes the public policy underpinning" the Warranty's Extended Coverage. Id.

Since this is a diversity action, the laws of the forum state, California, apply. Bates v. Union Oil Co. of Cal., 944 F.2d 647, 649 (9th Cir. 1991). Under California law, the preclusive effect of a prior federal court judgment is resolved pursuant to federal law. Lumpkin v. Jordan, 49 Cal.App.4th 1223, 1230, 57 Cal.Rptr.2d 303 (1st Dist. 1996). Under federal law, res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity

between parties." Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). A prior valid judgment "operates as an absolute bar to a second suit between the same parties or their privies based on the same cause of action not only in respect of every matter actually litigated, but also as to every ground of recovery or defense which might have been presented." Mirin v. Nevada ex rel., Public Service Commission, 547 F.2d 91, 94 (9th Cir. 1976), Cert. denied, 432 U.S. 906, 97 S.Ct. 2952, 53 L.Ed.2d 1079 (1977). Furthermore, under the federal rule, "a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." Stoll v. Gottlieb 305 U.S. 165, 170 (1938).

Given the above caselaw, the Court finds res judicata's elements satisfied. First, although the legal theory and grounds for recovery regarding Plaintiff's claim differ from those underlying the Weckwerth Judgment, the two cases share an "identity of claims" because they both concern the warranty of Plaintiff's transmission. See Hooker v. Simon, No. 1:06-CV-00389, 2010 WL 3516662, at *2 (E.D. Cal. Sept. 7, 2010) (citations omitted). As a result, Plaintiff's claim is precluded because she could have presented her claim to the Weckwerth court. Id.; See also Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action."). Second, the Weckwerth court gave final approval to the parties' class action settlement, which "meet[s]

the 'final on the merits' element of res judicata" and is "as conclusive a bar as a judgment rendered after trial." Rangel v. PLS Check Cashiers of California, Inc., 833 F.3d 1106, 110 (9th Cir. 2018). In turn, the Weckwerth Judgment has a preclusive effect on the released claims described above—such as Plaintiff's. Third, because Plaintiff is a member of the Weckwerth class, the parties in this case overlap with those in Weckwerth and Plaintiff is bound by the judgment in that class action. Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1298 (9th Cir. 1981).

Because all three elements are met, the Court agrees with Defendants that res judicata bars Plaintiff's claim. Furthermore, under federal law, any modification or appeal of this judgment lies with the Weckwerth court. See Stoll v. Gottlieb, 305 U.S. 165 at 170. This conclusion is supported by the fact that: (1) Plaintiff fails to cite any caselaw supporting her proposition that this Court can invalidate another federal district court's order and judgment approving a class action settlement; and (2) the Weckwerth Judgment's own language stating "[t]he Parties and Class Members have irrevocably submitted to the exclusive jurisdiction of the [Weckwerth] [c]ourt for any suit, action, proceeding or dispute arising out of the settlement." See Judgment ¶ 8. As a result, the Court declines to address Plaintiff's contention that the Weckwerth Judgment contravenes public policy and is accordingly unenforceable. Lastly, because the Court finds res judicata precludes Plaintiff's claim, the Court finds Defendants' remaining 12(b)(6) arguments moot and need not address them.

Accordingly, the Court dismisses Plaintiff's claim. Dismissal is with prejudice as amendment would be futile. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: November 28, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE